1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  GREGORY McCLELLAN,                    CASE NO. 1:10-cv-208-MJS (PC)

10                    Plaintiff,         ORDER REVOKING PLAINTIFF'S IN
                                         FORMA PAUPERIS STATUS AND
11        v.                             DIRECTING PLAINTIFF TO PAY THE
                                         $350.000 FILING FEE WITHIN THIRTY
12  JOE FINK, et al.,                    DAYS

13                    Defendants.        (Doc. 4)

14  _____/

15

16        Plaintiff Gregory McClellan ("Plaintiff") is a state prisoner proceeding pro se in this

17  civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to a Magistrate

    Judge handling all maters in this case.  (ECF No. 6.)
18
          Plaintiff is currently detained at Kern County Jail.  On February 9, 2010, Plaintiff filed
19
    a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)  The
20
    Court granted this motion on February 18, 2010.  (ECF No. 4.)  The Court now finds that
21
    Plaintiff was granted in forma pauperis status in error.
22
          28 U.S.C. § 1915 governs proceedings in forma pauperis.  Section 1915(g) provides
23
    that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner
24
    has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an
25
    action or appeal in a court of the United States that was dismissed on the grounds that it
26
    is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the
27
    prisoner is under imminent danger of serious physical injury."  A review of the actions filed
28

1

by Plaintiff reveals that Plaintiff is subject to section 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff is, at the time the complaint is filed, under imminent danger of serious physical injury.[1]

The Court has reviewed Plaintiff's Amended Complaint and finds that Plaintiff does not meet the imminent danger exception. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff alleges that his rights under the Fourteenth Amended have been violated, because he is being unlawfully incarcerated due to his parole violations. The only part of Plaintiff's Amended Complaint that could imply that Plaintiff is subject to imminent danger is a single sentence, unconnected with his cause of action, in which Plaintiff alleges he suffers from "severe hypertension, anxiety, paranoia, emotional 'distress,' and fears further harassment will follow." (Am. Compl., ECF No. 8 at 7.) This does not amount to "imminent danger of serious physical injury at the time of filing." See id. at 1055 (citing 28 U.S.C. § 1915(g)).

The Court has reviewed Plaintiff's Amended Complaint and finds that it alleges no additional facts to support a finding that he is, at this time, under imminent danger of serious physical injury. Thus Plaintiff may not proceed in forma pauperis and must submit the appropriate filing fee in order to proceed with this action. Because the Court previously granted Plaintiff leave to proceed in forma pauperis status in this action, the Court revokes Plaintiff's in forma pauperis status and Plaintiff is ordered to submit the filing fee in full within thirty days.

Accordingly, based on the foregoing, the Court HEREBY ORDERS that:

1.      Pursuant to 28 U.S.C. § 1915(g), Plaintiff's in forma pauperis status in this action is revoked;

2.      Plaintiff is directed to submit the $350.00 filing fee in full within thirty (30) days; and

---

[1] The Court takes judicial notice of the following cases: McClellan v. Mountain, 1:08-cv-256-LJO-GSA (PC) (dismissed for failure to state a claim on 3/5/2009); McClellan v. Fink, 1:08-cv-1326-YNP (PC) (dismissed for failure to state a claim on 4/1/2009); and McClellan v. Haviland, 1:07-cv-1607-OWW-SMS (PC) (dismissed for failure to state a claim on 10/19/2009).

1     3.     If Plaintiff fails to pay the $350.00 filing fee in full within thirty (30) days, this

2     action will be dismissed, without prejudice.

3

4

5     IT IS SO ORDERED.

6     Dated:    November 28, 2011       /s/ *Michael J. Seng*

                                         UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28