UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY McCLELLAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JON FINK, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:10-CV-00208-MJS (PC)<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE<br><br>(EFC NO. 9)<br><br>CLERK TO CLOSE FILE |

　　　　Gregory McClellan ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983 filed on February 9, 2010. Plaintiff was granted in forma pauperis status on February 18, 2010. (ECF No. 4.) On August 25, 2010, he filed a First Amended Complaint which has not yet been screened by the Court. (ECF No. 8.) Plaintiff has consented to a Magistrate Judge handling all matters in this case. (ECF No. 6.)

　　　　On November 29, 2011 the Court issued and mailed to Plaintiff an order revoking his in forma pauperis status and requiring payment of the $350 filing fee by January 3,

2012. (ECF No. 9.) This mailing was returned to the Court as undeliverable on December 5, 2011.

Plaintiff did not pay the $350 filing fee by January 3, 2012 or thereafter. Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).

Plaintiff has not provided the Court with a current address in the 63 days following the December 5, 2011 return of mail to the Court, or thereafter. Local Rule 183(b) provides that "[a] party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address [and if] mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a Court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987); Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving litigation and the Court's interest in managing its docket weigh in favor of dismissal. In these respects, the Court simply can not, and should not, indulge this Plaintiff's blatant disregard of its order and Rules; the Court has a vast caseload before it. The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, since a presumption of injury arises from delay in resolving an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

Given Plaintiff's failure to provide the Court with a current address, non-responsiveness to the Court's earlier order to pay the filing fee, and his pro se status, "less drastic alternatives" other than those taken to date (i.e., requiring Plaintiff to maintain a current address and ordering Plaintiff to comply with the filing fee requirement upon revocation of his in forma pauperis status) do not exist and the ultimate sanction of dismissal is warranted. Malone, 833 at 132-33.

Based on the foregoing, it is HEREBY ORDERED that:

-3-

1. Plaintiff's action be DISMISSED WITHOUT PREJUDICE.

2. The Clerk shall close the case.

IT IS SO ORDERED.

Dated:   March 5, 2012                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE